IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA O. BARNACK,

                          Plaintiff,

        v.                                                              ORDER

E-TRIPLE J, INC. d/b/aThe Neighborly Bar                    15-cv-733-jdp
and WILSON MUTUAL INSURANCE CO.,

                          Defendant.

---

Pro se plaintiff Joshua Barnack is proceeding on a claim that defendant E-Triple J, Inc. was negligent in failing to protect him from the assault of another customer at "The Neighborly Bar," which defendant owns. Defendant Wilson Mutual Insurance is E-Triple J, Inc.'s insurer. On October 6, 2016, defendants filed a motion for summary judgment on the ground that E-Triple J was not negligent because it had no reason to believe that the other customer was going to attack plaintiff. Dkt. 22. Plaintiff's deadline for opposing the motion was November 3, 2016, but the court has not received any response from him.

Generally, when a plaintiff does not respond to a defendant's motion for summary judgment, the court still must decide whether the defendant has shown that it is entitled to judgment as a matter of law. *Doe v. Cunningham*, 30 F.3d 879, 882 (7th Cir. 1994). However, in reviewing defendants' proposed findings, I uncovered a problem that must be resolved before I can consider the merits of defendants' motion. In particular, defendants did not set forth any proposed findings of fact regarding subject matter jurisdiction, as they were required to do.  Dkt. 13, *Helpful Tips for Filing a Summary Judgment Motion* ("All facts necessary to sustain a party's position on a motion for summary judgment must be explicitly proposed

as findings of fact. This includes facts establishing jurisdiction."). Further, a review of the complaint and answer does not fill in the gap left by the summary judgment submissions.

Because plaintiff is bringing a state law claim, subject matter jurisdiction arises under 28 U.S.C. § 1332, which requires an amount in controversy more than $75,000 and complete diversity of citizenship between plaintiff and defendants. Individuals are citizens of the state where they are domiciled. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). The citizenship of business entities is determined differently depending on the type of business it is. *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). Corporations are citizens of both the state of their principal place of business and their state of incorporation. *Id*. Unincorporated entities are citizens of the states where their members are citizens. *Id.*

Defendants say nothing about the amount in controversy or the parties' citizenship in their proposed findings of fact. In the complaint, plaintiff alleges that he suffered more than $75,000 in damages, Dkt. 1 at 1 and 4, that he is a citizen of Minnesota, and that Wisconsin is the principal place of business of both defendants. *Id.* at 1. However, he does not say whether both companies are incorporated and, if so, where. In any event, in their answers, defendants denied plaintiff's allegations about citizenship, Dkt. 3 and 8, so I cannot rely on the complaint as evidence at the summary judgment stage. *Brown v. Advocate South Suburban Hosp.*, 700 F.3d 1101, 1104-05 (7th Cir. 2012).

A federal court cannot consider the merits of a claim until the parties have established jurisdiction, even if none of the parties raise the issue. *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction . . . . [The court] may

not assume jurisdiction for the purpose of deciding the merits of the case."); *Schirmer v. Nagode*, 621 F.3d 581, 584 (7th Cir. 2010) ("[W]e must consider this jurisdictional issue even though the parties have not raised it.").

Although plaintiff's allegations in his complaint are sufficient to satisfy the amount in controversy requirement, *Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010), I see no admissible evidence in the record establishing the citizenship of any of the parties. It is plaintiff's burden to prove jurisdiction, *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009), but I will give both sides an opportunity to file supplemental evidence regarding the parties' citizenship. If neither side responds by the deadline or if the evidence is insufficient, I will dismiss the case without prejudice for lack of jurisdiction, which would allow plaintiff to refile the case in state court.

ORDER

IT IS ORDERED that the parties may have until January 19, 2017, to submit supplemental evidence showing the state citizenship of each party in this case.  If the parties do not respond by the deadline or fail to make the necessary showing, I will dismiss the case for lack of subject matter jurisdiction.

Entered January 10, 2017.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge

3