IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA O. BARNACK,

        Plaintiff,

v.                                          OPINION & ORDER

E-TRIPLE J, INC. d/b/aThe Neighborly Bar        15-cv-733-jdp
and WILSON MUTUAL INSURANCE CO.,

        Defendant.

---

Pro se plaintiff Joshua Barnack is proceeding on a claim that defendant E-Triple J, Inc. was negligent in failing to protect him from the assault of another customer at "The Neighborly Bar," which defendant owns. Defendant Wilson Mutual Insurance Co. is E-Triple, Inc.'s insurer. On October 6, 2016, defendants filed a motion for summary judgment on the ground that E-Triple J was not negligent because it had no reason to believe that the other customer was going to attack plaintiff. Dkt. 22. Plaintiff's deadline for opposing the motion was November 3, 2016, but the court has not received any response from him.

In an order dated January 10, 2016, I concluded that I could not decide the merits of defendants' motion for summary judgment because the parties had not shown a basis for the court to exercise jurisdiction over the case. Dkt. 34. Because Barnack is bringing a state law claim, subject matter jurisdiction arises under 28 U.S.C. § 1332, which requires an amount in controversy more than $75,000 and complete diversity of citizenship between the plaintiff and defendants. Although it was reasonable to infer from the allegations in the complaint that the amount in controversy was satisfied, neither the parties' pleadings nor defendants'

summary judgment submissions established the parties' citizenship. Accordingly, I gave the parties an opportunity to submit supplemental evidence regarding jurisdiction.

In response to the order, defendants submitted supplemental evidence, Dkt. 35-37, and filed a motion for leave to amend their answer so that they could admit allegations that Barnack made about jurisdiction in his complaint, Dkt. 39. Barnack did not respond to the order.

Neither defendants' supplemental filings nor the pleadings identify Wilson Mutual Insurance's citizenship, so defendants have not shown that complete diversity exists. However, because Wilson Mutual Insurance is a dispensable party, I will dismiss that defendant to preserve jurisdiction. As to the merits, the facts proposed by defendants show that it was not reasonably foreseeable that the customer would attack Barnack, so I am granting the summary judgment motion as to defendant E-Triple J.

## UNDISPUTED FACTS

Because Barnack did not respond to defendants' motion for summary judgment, I accept as true defendants' proposed findings of fact. Dkt. 13, *Procedure to Be Followed on Motions for Summary Judgment*, II.C. ("Unless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed."). *See also Doe v. Cunningham*, 30 F.3d 879, 882 (7th Cir. 1994) (upholding similar rule).

On June 29, 2013, Barnack was patronizing The Neighborly Bar, a bar in Ashland, Wisconsin that is owned by defendant E-Triple J, Inc. While there, Barnack became intoxicated.

Steve Blaine was also present at the bar. Neither the employees nor the owners of the bar were aware of Blaine acting in a dangerous or violent manner up until that time.

Inside the bar, Barnack believed that he heard Blaine refer to Barnack's ex-wife using a "derogatory" word. Dkt. 26, ¶ 2. Outside the bar, Barnack "confronted" Blaine about the comment, but "there was no yelling or physical altercation." *Id.* ¶ 3. Neither the employees nor the owners of the bar were aware of the confrontation at the time.

Later, both Barnack and Blaine entered the men's restroom, where Barnack "confronted" Blaine again. *Id.* ¶ 6. "[A] physical assault suddenly occurred" while Barnack and Blaine were in the bathroom, causing injuries to Barnack's head and face. Neither the employees nor the owners of the bar were aware of the incident until Barnack was discovered on the bathroom floor. At that time, emergency services were called.

## ANALYSIS

**A. Jurisdiction**

In their supplemental evidence, defendants cite interrogatory answers from Barnack showing that he has lived and worked in Minnesota since 2014. Dkt. 37-1. In the absence of any contrary evidence, it is reasonable to infer that Barnack is a citizen of Minnesota. *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014) ("Citizenship means domicile (the person's long term plan for a state of habitation) rather than just current residence."). As to E-Triple J, defendants cite records from Wisconsin's Department of Financial Institutions showing that Wisconsin is E-Triple, J's state of incorporation and the location of its principal place of business. This evidence is sufficient to show that Barnack and E-Triple J have diverse citizenship.

3

Defendants did not submit any records showing Wilson Mutual Insurance's citizenship. Instead, they rely on a declaration submitted by one of their lawyers, who avers that Wilson Mutual Insurance "is a Wisconsin domestic insurer in good standing." Dkt. 37, ¶ 5. That statement is insufficient to establish citizenship. As I explained to the parties in the January 10, 2017 order, the test for determining a business entity's citizenship depends on whether the business is incorporated or unincorporated. *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). Because defendants' evidence does not address that basic question, I cannot infer that Wilson Mutual Insurance is a Wisconsin citizen (or is not a Minnesota citizen).

Defendants' alternative request to amend their answer would not fill the gap, even if I granted the request. Barnack did not identify in his complaint whether Wilson Mutual Insurance was incorporated or unincorporated, so admitting Barnack's allegations about jurisdiction could not help defendants establish Wilson Mutual Insurance's citizenship.

Although I cannot exercise jurisdiction over Barnack's claim against defendant Wilson Mutual Insurance, that does not necessarily mean that I must dismiss the entire case for lack of jurisdiction. Under Federal Rule of Civil Procedure 21, "a district court can dismiss dispensable, nondiverse parties either before or after a final judgment." *Dexia Credit Local v. Rogan*, 602 F.3d 879, 883 (7th Cir. 2010). Barnack included Wilson Mutual Insurance as a defendant simply because it is E-Triple J's insurer, not because of any wrongdoing by Wilson Mutual Insurance, so Barnack's claim against E-Triple J can be litigated fully even if the insurance company is not in the case. Accordingly, I conclude that Wilson Mutual Insurance is a dispensable party and I will drop that party from the case under Rule 21 so that I may consider the merits of Barnack's claim against E-Triple J.

### B. Merits

"A tavern owner's duty to protect a patron from third persons is recited in Wis. JI—Civil 8045 (2011), which states that the proprietor of a tavern has 'a duty to use ordinary care to protect members of the public while on the premises from harm caused to them by the accidental, negligent, or intentional acts of third persons." *Flynn v. Audra's Corp.*, 2011 WI App 39, ¶ 6, 332 Wis. 2d 253, 256–57, 796 N.W.2d 230, 232 (emphasis and alterations omitted). In describing the tavern owner's duty of ordinary care, the court stated, "[i]f the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection." *Id.* ¶ 7. Under this standard, the key question is whether the tavern owner could "reasonably anticipate" that a third party posed a danger.

It is clear that defendant E-Triple J is entitled to summary judgment under this standard. The facts show that E-Triple J had no notice that Blaine was violent or would otherwise pose a threat to Barnack and it was not even aware of the altercation until after it occurred. This means that E-Triple J could not have reasonably anticipated that Barnack would be harmed and did not breach any duty it owed him.

### ORDER

IT IS ORDERED that:

1. Defendants' motion for leave to amend their answer, Dkt. 38, is DENIED.

2. Defendant Wilson Mutual Insurance Company is DISMISSED for lack of subject matter jurisdiction.

3. Defendants' motion for summary judgment, Dkt. 22, is GRANTED as to defendant E-Triple J, Inc.

4. The clerk of court is directed to enter judgment accordingly and close this case.

Entered January 23, 2017.

                    BY THE COURT:

                    /s/

                    _____
                    JAMES D. PETERSON
                    District Judge